PER CURIAM
| (Writ granted! The trial court’s grant of defendant’s motion to suppress evidence found on his laptop is reversed. In this case, police officers sought and were granted three warrants. The first warrant gave officers the authority to search defendant’s home for a stolen iPhone. While executing that warrant, officers found twenty-three, one-pound bags of marijuana along with scales and plastic baggies. They also seized defendant’s laptop. Before searching the laptop, officers sought a *371 warrant on the basis that they believed defendant used it to conduct illegal drug trades online. The second warrant was issued. While searching the laptop for evidence of drug sales, police found what appeared to be pornography involving juveniles. Police stopped the search and sought and received a third warrant.
The United States Supreme Court has held that evidence seized pursuant to a warrant based on less than probable cause need not be suppressed if the officers who executed the warrant believed it to be validly issued. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In United States v. Leon, the Court also stated that an officer cannot “manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence 12entirely unreasonable.” Id. at 923, 104 S.Ct. 3405 (internal quotations omitted). As detailed in the second affidavit, police found a large amount of marijuana, divided, as well as scales and baggies, which provided the requisite indicia of probable cause needed for the officers to be in good faith when executing the search warrant. As Judge Crain’s dissent notes, the officers acted reasonably at every step of the investigation, and there is no evidence or suggestion that the officers were not in good faith when searching the computer.
Accordingly, the State’s writ is granted, the suppression order is vacated, and this matter is remanded to the district court for further proceedings consistent with this order.
WEIMER, J., recused.